COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


ANTHONY PETRAITIS
                                                         MEMORANDUM OPINION[*]
v.        Record No. 1763-07-2                              PER CURIAM
                                                         DECEMBER 4, 2007
PREVENT BLINDNESS AMERICA AND
   ST. PAUL FIRE & MARINE INSURANCE COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (William F. Karn, on brief), for appellant.

              (Patsy L. Mundy; Law Office of Mark J. Beachy, on brief), for
              appellees.


      Anthony Petraitis (claimant) appeals from a decision of the Workers' Compensation

Commission finding that he failed to prove he sustained an injury by accident arising out of and

in the course of his employment on March 7, 2005.  Claimant contends the commission applied

an incorrect standard of review when reviewing the deputy commissioner's credibility

determinations.  Claimant argues the commission erred in deferring to and relying upon the

deputy commissioner's credibility determinations, rather than applying a *de novo* standard of

review.  We disagree.

              [A] specific, recorded observation of a key witness' demeanor or
              appearance in relation to credibility is an aspect of the hearing that
              the commission may not arbitrarily disregard.  When the
              commission does not follow such a finding, the record should
              indicate that the commission did not arbitrarily ignore the finding.
              We do not, however, hold that the deputy commissioner's findings
              as to credibility necessarily bind the commission.  Code § 65.1-96
              [now Code § 65.2-704] provides that the initial hearing may be by
              the commission or any of its members or deputies, who "shall

---

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

decide the issues in a summary manner, and shall make an award carrying out the decision." In addition, Code § 65.1-97 [now Code § 65.2-705] provides that upon an application for review of an award, if the first hearing was not held before the full commission, the full commission:

> shall review the evidence or, if deemed advisable, as soon as practicable, *hear the parties at issue, their representatives and witnesses* and shall make an award which, together with a statement of the finding of fact, rulings of law and other matters pertinent to the questions at issue, shall be filed with the record of the proceedings.

(emphasis added). Therefore, the commission has the authority to hear the case *de novo*. If the commission hears the case *de novo* it will not be bound by the findings of the deputy. But when the full commission does not hear the witness' testimony, the deputy's observations about witness credibility become a part of the evidence which the commission may not arbitrarily ignore and dismiss.

Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 382-83, 363 S.E.2d 433, 437-38 (1987).

Here, the commission reviewed and summarized the relevant testimony and medical records. It then noted the deputy commissioner's findings, including his credibility determinations. The commission implicitly recognized that those findings were based upon the substance of the witnesses' testimony and the medical records considered by the deputy commissioner and the inconsistencies therein, and then, as it was entitled to do where it did not hear the case *de novo*, deferred to those findings and affirmed the deputy commissioner's decision.

Finding no error in that decision, we conclude this appeal is without merit. Accordingly, we affirm for the reasons stated by the commission in its final opinion. See Petraitis v. Prevent Blindness America, VWC File No. 223-08-79 (June 20, 2007).[1] We dispense with oral

---

[1] Subsequent to its June 20, 2007 opinion, the commission denied claimant's motion to vacate that opinion and motion for oral argument, and adhered to its previous opinion.

argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>